AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
District of Arizona

| | | |
|---|---|---|
| Sharline Krause, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:17-cv-08185-JJT |
| Mohave County, Arizona, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Georgia Staton, Jones, Skelton & Hochuli, P.L.C.
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____09/15/2017_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: **9/15/17**

                                    *Signature of the attorney or unrepresented party*

**GEORGIA A. Staton**
*Printed name of party waiving service of summons*

                          Milton W. Hathaway, Jr.
                           *Printed name*

                325 W. Gurley Street, Suite 102
                    P.O. Box 591
                Prescott, Arizona 86302
                        *Address*

                  info@mshwlaw.com
                    *E-mail address*

                   (928) 445-6860
                   *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

1  Milton W. Hathaway, Jr., Esq.
   AZ State Bar No. 005442
2  **MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.**
   Attorneys at Law
3  325 W. Gurley Street, Suite 102
   Post Office Box 591
4  Prescott, Arizona 86302-0591
   (928) 445-6860
5  info@mshwlaw.com

6  Attorneys for Plaintiffs

7  **IN THE UNITED STATES DISTRICT COURT**

8  **FOR THE DISTRICT OF ARIZONA**

9  SHARLINE KRAUSE, individually, and on        )
   behalf of all statutory beneficiaries of DREY  )   Case No.
10 KRAUSE,                                        )
                                                  )
11            Plaintiff,                          )        **COMPLAINT**
                                                  )
12     vs.                                        )
                                                  )   *(Jury Trial Requested)*
13 MOHAVE COUNTY, ARIZONA; JORDAN                 )
   T. SELMANSON; ASHLEY N.                        )
14 SELMANSON; RICHARD SCHILLER;                   )
   KATHLEEN SCHILLER,                             )
15                                                )
              Defendants.                         )
16                                                )
                                                  )
17 _____        )

18        Plaintiff, for her claims against Defendants, alleges as follows:

19                           **PARTIES**

20        1.     Plaintiff, Sharline Krause, is the mother of Drey Krause, deceased, and brings this

21 matter individually and on behalf of the statutory beneficiaries of Drey Krause.

22        2.     The statutory beneficiaries that Plaintiff, Sharline Krause, is aware of at this time

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860

include herself, Drey Krause's mother; Lisa Krause, Drey Krause's wife; Alisha Krause, Drey Krause's daughter; and Ryan Adelman, Drey Krause's son.

3.     Defendant, Mohave County, is a public entity located within the state of Arizona and is responsible for and liable for the acts of the Mohave County Sheriff's Office.

4.     Defendants Jordan T. Selmanson and Ashley N. Selmanson are husband and wife and are residents of Mohave County, Arizona. All of the acts of Defendant Jordan T. Selmanson complained of herein were acts for and on behalf of the marital community of Defendants Jordan T. Selmanson and Ashley N. Selmanson.

5.     Defendants Richard Schiller and Kathleen Schiller are husband and wife and are residents of Mohave County, Arizona. All of the acts of Defendant Richard Schiller complained of herein were acts for and on behalf of the marital community of Defendants Richard Schiller and Kathleen Schiller.

6.     Defendants Jordan T. Selmanson and Richard Schiller were, at all relevant times, employed by Mohave County and were acting within the course and scope of their employment as deputies of the Mohave County Sheriff's Office.

7.     Defendants Jordan T. Selmanson and Richard Schiller at all times material hereto were acting under color of law.

8.     Defendant, Mohave County, as the employer of Defendants Jordan T. Selmanson and Ricahrd Schiller is vicariously liable for the acts or omissions of those Defendants, under the theory or *respondeat superior* with respect to the state law claims alleged herein.

///

///

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860

2

**JURISDICTION AND VENUE**

9.      This action is brought, in part, pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

10.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

11.     This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

12.     The events that form the basis of Plaintiff's Complaint occurred in Mohave County, Arizona. Since all Defendants currently reside or work, or resided or worked at relevant time within the state of Arizona, venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

13.     Plaintiff has complied with A.R.S. §12-821.01 with respect to the state law claims and her notice of claim with respect to the state law claims has been denied by Defendants.

**FACTUAL BACKGROUND**

14.     On February 13, 2017, the Mohave County Sheriff's Office received a call at or about 6:48 p.m. reporting the discharge of a weapon in Topock, Arizona, by a man "acting strangely."

15.     Two Mohave County Sheriff's Office Deputies, Defendant Jordan T. Selmanson and Defendant Richard Schiller, responded to the scene of the reported shooting. Deputy Schiller traveled directly to the residence where the shooting suspect was reported to live.

16.     The residence Deputy Schiller traveled to was occupied by Plaintiff Sharline Krause and her son, decedent, Drey Krause.

///

3

17.     Deputy Selmanson stopped to talk with the reported victim, Shanna Farris, before traveling to the Krause residence to join Deputy Schiller.

18.     Deputies Selmanson and Schiller parked their vehicles on the street and both turned off their vehicle lights.

19.     Both Deputies Selmanson and Schiller approached the Krause residence.

20.     Deputy Selmanson went to the exit door of the Krause residence.

21.     Deputy Schiller went to the rear of the Krause residence.

22.     Deputy Schiller observed medication inside the residence.

23.     Deputy Selmanson knocked on the door of the Krause residence and then claims that he knocked a second time.

24.     Deputy Selmanson claims that he announced "Sheriff's Office" and a porch light came on.

25.     Deputy Schiller was walking towards Deputy Selmanson to advise him of the medication he saw inside the residence when the porch light came on.

26.     The door to the residence was opened and Drey Krause began to exit the residence with a .410 shotgun in his hand.

27.     Deputy Selmanson reportedly yelled for Drey Krause to put the gun down.

28.     Drey Krause never said a word.

29.     Deputy Selmanson then shot Drey Krause multiple times.

30.     After being shot, Drey Krause asked Deputy Selmanson, "Why did you shoot me?" and Deputy Schiller responded to Drey Krause that he was shot because he would not put down his gun.

4

31.     After shooting Drey Krause, Deputy Selmanson left him, without providing medical assistance, to call a supervisor.

32.     Neither Deputy Selmanson nor Deputy Sciller ever provided medical assistance to Drey Krause and, instead, Drey Krause was handcuffed as he lay dying in the carport of his residence.

33.     Drey Krause was pronounced dead approximately forty-five minutes after being shot by Deputy Selmanson.

34.     After Drey Krause was shot, Deputy Schiller entered the residence and encountered Plaintiff, Sharline Krause. He noted that a television inside the residence was turned up very loud.

35.     Defendant, Mohave County, hired Deputy Selmanson less than two years before Drey Krause's death despite the fact that his pre-employment screening documentation indicated his view that some people need to be shot.

36.     Mohave County allowed Deputies Selmanson and Schiller to carry a firearm and interact with the public without any training on how to deal with intoxicated people, how to avoid confrontations where lethal force may be necessary and/or how to de-escalate tense situations.

### COUNT I - 42 U.S.C. §1983
### VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS - EXCESSIVE FORCE

37.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38.     The Fourteenth Amendment to the United States Constitution guarantees parents of an adult child a substantive due process liberty interest in the companionship of that child.

///

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6890

39.     Deputies Selmanson and Schiller violated the substantive due process rights of Plaintiff, individually, when Drey Krause was shot and killed.

40.     Deputies Selmanson and Schiller acted without legal justification and intended to cause harm to Drey Krause, unrelated to a legitimate object of arrest.

41.     The conduct of Deputies Selmanson and Schiller was reckless, oppressive, and/or malicious so as to support an award of exemplary damages.

## COUNT II - 42 U.S.C. §1983 -
## FAILURE TO TRAIN

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     Mohave County, through the Mohave County Sheriff's Office, is the official policy maker for the Mohave County Sheriff's Office and the deputies within that office.

44.     Mohave County has the authority and responsibility to establish policy for the Mohave County Sheriff's Office and it's deputies and to properly supervise and train those deputies.

45.     At all relevant times, Mohave County was indifferent to the training of Deputy Selmanson and Deputy Schiller and others within the Mohave County Sheriff's Office and by reason of such indifference, failed in it's training policies to train it's deputies in the appropriate, lawful, and constitutional policies, procedures, and protocols when dealing with intoxicated persons, how to avoid confrontations where lethal force may be necessary, and how to de-escalate situations where lethal force might be necessary.

46.     The failure to train Deputy Selmanson and Deputy Schiller and others with respect to acceptable policies and procedures when lethal force might be necessary was  certain to lead

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860

6

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6860

to injury and/or death. The failure of Defendant, Mohave County, to properly supervise and train Deputy Selmanson was a direct and proximate result of Drey Krause's death.

### COUNT III - WRONGFUL DEATH

47.   Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48.   This claim for relief is asserted against Defendants by Plaintiff, Sharline Krause, individually and on behalf of all statutory beneficiaries of Drey Krause.

49.   Pursuant to §12-611, et seq., liability for wrongful death exists if a persons death is caused by "wrongful act, neglect, or default." In this matter, Defendants' "wrongful act, neglect, or default" includes negligence or gross negligence as alleged in this Complaint.

50.   As a result of the death of Drey Krause, caused by Defendants, Plaintiff, Sharline Krause, and the statutory beneficiaries of Drey Krause suffered loss of love, affection, and companionship for which they are entitled to recover under Arizona's Wrongful Death Act.

51.   As a result of Defendants' wrongful acts, Plaintiff, Sharline Krause, and the statutory beneficiaries of Drey Krause have suffered pain, grief, sorrow, anguish, shock, and mental suffering in the past, present, and future, all proximately caused by Defendants, for which they are entitled to recover under Arizona's Wrongful Death Act.

52.   The actions of Deputies Selmanson and Schiller were negligent and grossly negligent and those actions include, but are not limited to:

   a.   Failure to call a supervisor to the scene before Drey Krause was shot and killed.

///

7

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.
ATTORNEYS AT LAW
Post Office Box 591
Prescott, Arizona 86302-0591
(928) 445-6540

1

      b.     Failure to use means other than a face-to-face confrontation with Drey

2

           Krause while investigating the shooting incident.

3

      c.     Failure to call for medical providers before contact with Drey Krause.

4

      d.     Failure to call out Drey Krause from the residence from a distance.

5

      e.     Failure to render medical assistance after Drey Krause was shot.

6

53.    A trial by jury is demanded.

7

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

8

      a.     For special damages, including, but not limited to the cost of care for

9

           Plaintiff as a result of the death of her son, her caregiver;

10

      b.     For other general damages to the surviving statutory beneficiaries for the

11

           wrongful death of Drey Krause;

12

      c.     For consequential and emotional damage to the surviving statutory

13

           beneficiaries;

14

      d.     For exemplary damages to the extent permitted by law;

15

      e.     For taxable costs and pre-judgment and post-judgment interest to the extent

16

           permitted by law;

17

      f.     For attorneys' fees pursuant to 42 U.S.C. §1988;

18

      g.     For such other and further relief as the Court deems just and proper.

19

RESPECTFULLY SUBMITTED this 13th day of September, 2017.

20

           MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

21

22

           By:  s/Milton W. Hathaway, Jr.
                Milton W. Hathaway, Jr., Esq.
                Attorneys for Plaintiffs

8