Georgia A. Staton, Bar #004863
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7854
gstaton@jshfirm.com

Attorneys for Defendants Mohave County, Arizona; Mohave County Sheriff Douglas Schuster and Cynthia Schuster; Jordan T. Selmanson and Ashley N. Selmanson; Richard Schiller and Kathleen Schiller

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SHARLINE KRAUSE, individually and on behalf of all statutory beneficiaries of DREY KRAUSE, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MOHAVE COUNTY, ARIZONA; MOHAVE COUNTY SHERIFF DOUGLAS SCHUSTER AND CYNTHIA SCHUSTER; JORDAN T. SELMANSON; ASHLEY N. SELMANSON; RICHARD SCHILLER; KATHLEEN SCHILLER,<br><br>Defendants. | NO. 3:17-cv-08185-PCT-JJT<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Mohave County, Mohave County Sheriff Douglas Schuster, Cynthia Schuster, Jordan T. Selmanson, Ashley N. Selmanson, Richard Schiller and Kathleen Schiller, for their answer to Plaintiff's First Amended Complaint admit, deny and allege as follows.

1. Defendants deny each and every allegation not otherwise admitted or pled to.

6226120.1

# PARTIES

2. In answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit same.

3. In answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendants admit only that Sharline Krause, as Plaintiff, has brought this lawsuit on her behalf and on behalf of designated beneficiaries listed as: "Lisa Krause (Drey Krause's wife); Alisha Krause (Drey Krause's daughter); and Ryan Adelman (Drey Krause's son)."

4. In answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit only that Mohave County is a public entity located within the State of Arizona. Defendants deny all remaining allegations contained therein. *See*, *Fridena v. Maricopa Cnty.*, 18 Ariz. App. 527, 504 P.2d 58 (1972).

5. In answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit that Douglas Schuster and Cynthia Schuster are husband and wife and are residents of Mohave County, Arizona. Defendants also admit that Sheriff Schuster was acting on behalf of the marital community during the events described in Plaintiff's First Amended Complaint.

6. In answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit that Jordan T. Selmanson and Ashley N. Selmanson are husband and wife and are residents of Mohave County, Arizona. Defendants also admit that Deputy Selmanson was acting on behalf of the marital community during the events described in Plaintiff's First Amended Complaint.

7. In answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendants admit that Richard Schiller and Kathleen Schiller are husband and wife and are residents of Mohave County, Arizona. Defendants also admit that Deputy Schiller was acting on behalf of the marital community during the events described in Plaintiff's First Amended Complaint.

8. In answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit same.

9. In answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit same.

10. In answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendants deny same. *See*, *Fridena v. Maricopa Cnty.,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

**JURISDICTION AND VENUE**

11. In answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff has brought a cause of action under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983.

12. In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit same.

13. In answering Paragraph 11 (second) of Plaintiff's First Amended Complaint, Defendants admit same.

14. In answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit same.

15. In answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit same insofar as said paragraph refers to Deputy Selmanson, Deputy Schiller and Mohave County. Defendants deny that Sheriff Schuster was served with a notice of claim in compliance with A.R.S. §12-821.01.

**FACTUAL BACKGROUND**

16. In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit same.

17. In answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit only that Shanna Farris reported that she thought a neighbor shot a gun at her; that she did not see a gun.

18. In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that a supervisor was not contacted in response to Shanna Farris' report but deputies were dispatched.

19. In answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to what Plaintiff means by contacting "medical" in response to the Shanna Farris call. To the extent that Paragraph 17 of Plaintiff's First Amended Complaint suggests that medical assistance was needed at that time, Defendants deny same.

20. In answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to what Plaintiff means by "medical." To the extent that Paragraph 18 of Plaintiff's First Amended Complaint suggests that medical assistance was needed in response to Shanna Farris' call, Defendants deny same.

21. In answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendants admit same.

22. In answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants admit same.

23. In answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to what Plaintiff means by "medical." To the extent that Paragraph 21 of Plaintiff's First Amended Complaint suggests that medical assistance was needed at or near the Krause residence at the time they initially arrived, Defendants deny same.

24. In answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants admit same.

25. In answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendants admit same.

26. In answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendants admit same.

27. In answering Paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit only that Deputy Selmanson turned off his vehicle lights when he drove toward Deputy Schiller.

28. In answering Paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit same.

29. In answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit same.

30. In answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendants admit same.

31. In answering Paragraph 29 of Plaintiff's First Amended Complaint, Defendants admit same.

32. In answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendants admit same.

33. In answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendants deny same.

34. In answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendants are without sufficient information or knowledge to form a belief as to what Plaintiff means by "from a distant position." To the extent that Paragraph 32 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

35. In answering Paragraphs 33 and 34 of Plaintiff's First Amended Complaint, Defendants deny that Drey Krause was unable to understand commands; Defendants admit they did not anticipate that a man with a .410 shotgun would emerge from the residence after the man was notified that they were with the Mohave County Sheriff's Office. Defendants affirmatively assert that before the man emerged they loudly announced their presence and that they took care to ensure their safety when contacting the occupant(s) of the residence.

36. In answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants assert that Plaintiff has not defined the terms "priority-of-life" or "sanctity-of-life" as those phrases are used in said paragraph. Defendants affirmatively assert that Drey Krause was given every opportunity to comply with lawful orders and refused to do

1  so. To the extent that Paragraph 35 of Plaintiff's First Amended Complaint attempts to
2  assert a claim against these answering defendants, Defendants deny same.

3        37.    In answering Paragraph 36 of Plaintiff's First Amended Complaint,
4  Defendants admit same.

5        38.    In answering Paragraph 37 of Plaintiff's First Amended Complaint,
6  Defendants admit only that Deputy Selmanson approached a door to the Krause residence.

7        39.    In answering Paragraphs 38 and 39 of Plaintiff's First Amended Complaint,
8  Defendants admit only that Deputy Schiller made observations around the Krause
9  residence and, at one point, observed medication inside the residence.

10       40.    In answering Paragraphs 40 and 41 of Plaintiff's First Amended Complaint,
11 Defendants deny that Deputy Selmanson "claims" that he knocked on the Krause door a
12 second time. Defendants affirmatively assert that Deputy Selmanson knocked on the
13 Krause door two times and that the second time he knocked on the door he announced
14 "Sheriff's Office" and a porch light came on.

15       41.    In answering Paragraph 42 of Plaintiff's First Amended Complaint,
16 Defendants admit that Deputy Schiller was approaching Deputy Selmanson when the
17 porch light came on.

18       42.    In answering Paragraph 43 of Plaintiff's First Amended Complaint,
19 Defendants admit same.

20       43.    In answering Paragraph 44 of Plaintiff's First Amended Complaint,
21 Defendants admit same, but affirmatively assert that Defendants had any way to
22 determine that fact while the incident unfolded.

23       44.    In answering Paragraphs 45, 46 and 47 of Plaintiff's First Amended
24 Complaint, Defendants deny that Deputy Selmanson "reportedly" yelled for Drey Krause
25 to put the gun down and affirmatively assert that Deputy Selmanson yelled multiple times
26 for Drey Krause to put down the firearm he was carrying; that Drey Krause stepped out of
27 the Krause residence toward Deputy Selmanson raising the .410 shotgun, refused to
28

comply with Deputy Selmanson's lawful orders, and Deputy Selmanson fired on Drey Krause as a result of Drey Krause's refusal to comply.

45. In answering Paragraph 48 of Plaintiff's First Amended Complaint, Defendants assert that Deputy Selmanson did not know Drey Krause's physical condition, however, Drey Krause responded to Deputy Selmanson knocking on Drey Krause's door. Defendants are further without sufficient information or knowledge to form a belief as to whether a lit porch light "blinded" anyone or indeed was capable of "blinding" anyone including Drey Krause. To the extent that Paragraph 48 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

46. In answering Paragraphs 49, 50, 51, 52 and 53 of Plaintiff's First Amended Complaint, Defendants deny same.

47. In answering Paragraph 54 of Plaintiff's First Amended Complaint, Plaintiff has not defined the terms "priority-of-life" or "sanctity-of-life" and it is unclear as to how Plaintiff is using these terms. To the extent that Paragraph 54 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

48. In answering Paragraph 55 of Plaintiff's First Amended Complaint, Defendants admit only that at 19:18:26 Deputy Selmanson radioed "out with subject."

49. In answering Paragraph 56 of Plaintiff's First Amended Complaint, Defendants admit that at 19:19:41 Deputy Selmanson radioed "shots fired send medical."

50. In answering Paragraph 57 of Plaintiff's First Amended Complaint, Defendants admit same.

51. In answering Paragraph 58 of Plaintiff's First Amended Complaint, Defendants admit only that Deputy Selmanson immediately called his supervisor. Defendants affirmatively assert that there was no obvious medical assistance that he could provide. To the extent Paragraph 58 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

52. In answering Paragraph 59 of Plaintiff's First Amended Complaint, Defendants admit only that Deputy Selmanson immediately requested medical assistance for Drey Krause. Defendants affirmatively assert that there was no obvious medical assistance that he could provide. To the extent Paragraph 59 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

53. In answering Paragraph 60 of Plaintiff's First Amended Complaint, Defendants admit only that Drey Krause lay on the ground while emergency medical services were en route. To the extent that Paragraph 60 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering Defendants, Defendants deny same.

54. In answering Paragraph 61 of Plaintiff's First Amended Complaint, Defendants deny same.

55. In answering Paragraph 62 of Plaintiff's First Amended Complaint, Defendants admit only that neither Deputy Selmanson or Schiller requested a medical helicopter. However, to the extent that Paragraph 62 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

56. In answering Paragraph 63 of Plaintiff's First Amended Complaint, Defendants admit only that the time of death was noted as 20:03 and that Dr. Geneva pronounced deceased at 20:15.

57. In answering Paragraph 64 of Plaintiff's First Amended Complaint, Defendants admit same.

58. In answering Paragraph 65 of Plaintiff's First Amended Complaint, Defendants admit only that Deputy Selmanson was on the Mohave County Sheriff's Office force for approximately two years prior to February 13, 2017. To the extent that paragraph attempts to assert a claim against these answering defendants, Defendants deny same.

59. In answering Paragraph 66 of Plaintiff's First Amended Complaint, Defendants deny same.

## COUNT I (SUBSTANTIVE DUE PROCESS RIGHTS – EXCESSIVE FORCE) FOURTEENTH AMENDMENT 42 U.S.C. §1983

60. In answering Paragraph 67 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 66 as if fully set forth herein.

61. In answering Paragraph 68 of Plaintiff's First Amended Complaint, Defendants admit same, but deny that the Fourteenth Amendment applies to a claim of excessive force or that Defendants violated the Fourteenth Amendment.

62. In answering Paragraphs 69, 70, 71 and 72 of Plaintiff's First Amended Complaint, Defendants deny same

## COUNT II 42 U.S.C. §1983 - VIOLATION OF DUE PROCESS RIGHTS -) DENIAL OF MEDICAL CARE

63. In answering Paragraph 73 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 72 as if fully set forth herein.

64. In answering Paragraph 74 of Plaintiff's First Amended Complaint, Defendants admit same, but deny that Plaintiff has standing to assert a claim for "denial of medical care" on behalf of Drey Krause or that Defendants are liable to Plaintiff.

65. In answering Paragraph 75 of Plaintiff's First Amended Complaint, Defendants admit same.

66. In answering Paragraph 76 of Plaintiff's First Amended Complaint, Defendants admit same.

67. In answering Paragraphs 77, 78, 79 and 80 of Plaintiff's First Amended Complaint, Defendants assert that Plaintiff has not identified what is meant by "proper first-aid" or "proper initial medical aid." To the extent said paragraphs assert that Deputy

Schiller and Deputy Selmanson withheld or refused to provide some type of assistance to decedent that would be obvious to any well-trained law enforcement officer, Defendants deny same.

68. In answering Paragraph 81 of Plaintiff's First Amended Complaint, Defendants deny same.

69. In answering Paragraph 82 of Plaintiff's First Amended Complaint, Defendants deny same.

70. In answering Paragraphs 83, 84, 85 and 86 of Plaintiff's First Amended Complaint, Defendants admit only that Deputies Selmanson and Schiller were aware that Drey Krause needed medical attention and therefore immediately radioed for emergency medical assistance. To the extent that said paragraphs attempt to assert a claim against these answering Defendants, defendants deny same.

71. In answering Paragraphs 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97 and 98 of Plaintiff's First Amended Complaint, Defendants deny same.

## **COUNT II (sic) FAILURE TO TRAIN AND SUPERVISE – 42 U.S.C. §1983**

72. In answering Paragraph 99 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 98 as if fully set forth herein.

73. In answering Paragraph 100 of Plaintiff's First Amended Complaint, Defendants deny that Mohave County is the official policy maker for the Mohave County Sheriff's Office and the deputies within that office.

74. In answering Paragraph 101 of Plaintiff's First Amended Complaint, Defendants deny same. *See*, *Fridena v. Maricopa Cnty.,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

75. In answering Paragraphs 102, 103, 104, 105, 106, 107, 108 and 109 of Plaintiff's First Amended Complaint, Defendants deny same.

6226120.1                           10

76. In answering Paragraph 110 of Plaintiff's First Amended Complaint, Defendants assert that Plaintiff has failed to define "priority-of-life" or "sanctity-of-life" principles. To the extent, however, that Paragraph 110 of Plaintiff's First Amended Complaint attempts to assert a claim against these answering defendants, Defendants deny same.

77. In answering Paragraph 111 of Plaintiff's First Amended Complaint, Defendants deny same.

78. In answering Paragraphs 112, 113 and 114 of Plaintiff's First Amended Complaint, Defendants deny same.

79. In answering Paragraph 115 of Plaintiff's First Amended Complaint, Defendants admit only that Sheriff Schuster through his chain of command at the Mohave County Sheriff's Office had a duty to properly supervise Deputy Selmanson and Deputy Schiller. Defendants deny all remaining allegations contained therein. *See*, *Fridena v. Maricopa Cnty.,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

80. In answering Paragraphs 116, 117, 118, 119, 120 and 121 (and its subparts a-k) of Plaintiff's First Amended Complaint, Defendants deny that Sheriff Schuster by and through his chain of command failed to properly supervise Deputy Selmanson and Deputy Schiller. Defendants deny all remaining allegations contained therein. *See*, *Fridena v. Maricopa Cnty.,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

81. In answering Paragraphs 122 and 123 (and its subparts a-c) of Plaintiff's First Amended Complaint, Defendants deny that Sheriff Schuster through his chain of command failed to properly supervise dispatchers as alleged in said paragraphs. Defendants deny all remaining allegations contained therein. *See*, *Fridena v. Maricopa Cnty.,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

82. In answering Paragraphs 124, 125 and 126 of Plaintiff's First Amended Complaint, Defendants deny same.

## COUNT III (sic) MUNICIPAL LIABILITY – 42 U.S.C. §1983

83. In answering Paragraph 127 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 126 as if fully set forth herein.

84. In answering Paragraph 128 of Plaintiff's First Amended Complaint, Defendants admit same, but deny that the Fourteenth Amendment applies to a claim of excessive force or that Defendants violated the Fourteenth Amendment.

## COUNT III (sic) WRONGFUL DEATH

85. In answering Paragraph 132 of Plaintiff's First Amended Complaint, Defendants incorporate by reference their response to Paragraphs 1 through 131 as if fully set forth herein.

86. In answering Paragraph 133 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff Sharline Krause is asserting a claim for relief on her behalf and on behalf of all statutory beneficiaries of Drey Krause.

87. In answering Paragraph 134 of Plaintiff's First Amended Complaint, Defendants admit only that A.R.S. §12-611 et seq. authorizes a wrongful death claim if a person's death is caused by "wrongful act, neglect or default."  Defendants deny they engaged in any "wrongful act, neglect or default."

88. In answering Paragraph 135 of Plaintiff's First Amended Complaint, Defendants deny same.

89. In answering Paragraph 136 of Plaintiff's First Amended Complaint, Defendants deny same.

90. In answering Paragraph 137 (and its subparts (a-f)) of Plaintiff's First Amended Complaint, Defendants deny same.

91. In answering Paragraph 138 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff has requested trial by jury.

**AFFIRMATIVE DEFENSES**

As and for an affirmative defense and in the alternative, Defendants assert:

1. Plaintiff failed to timely and properly serve a Notice of Claim, A.R.S. §12-821.01, on Sheriff Schuster, all of which bars said claims against him on all State law claims asserted.

2. Punitive damages may not be awarded against a governmental entity or governmental employees acting within the course and scope of their employment on any State law claim pursuant to A.R.S. §12-820.04.

3. Plaintiff's first amended complaint, in whole or in part, fails to state a claim for relief.

4. The individually-named Defendants are entitled to qualified immunity.

5. Mohave County is not vicariously liable for the acts of its employees under any claim brought pursuant to 42 U.S.C. §§1983 and 1985. See, *Monell v. City of New York City Services*, 436 U.S. 658 (1978).

6. Punitive damages against a governmental entity are barred by *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981) and barred against the individually named Defendants in their official capacity pursuant to *Smith v. Wade*, 103 S.Ct. 1625 (1983).

7. The officers acted in self-defense and with justification pursuant to A.R.S. §§ 13-404; 13-405; 13-406; 13-409; 13-410; and 13-413.

8. Defendants allege the immunities set forth in A.R.S. §§12-711 and 12-712.

9. Drey Krause was comparatively at fault all of which serves to reduce or eliminate damages, if any, owed by Defendants. See A.R.S §12-2506.

10. Deputies Selmanson and Schiller are entitled to an award of reasonable attorney's fees, costs and compensation for lost income and all expenses incurred in the defense of their civil action based on conduct which was justified pursuant to A.R.S. §12-716 and §13-420.

11. Mohave County is not liable under the doctrine of respondeat superior for tortious conduct of the sheriff or deputies. *See*, *Fridena v. Maricopa Cnty.*, 18 Ariz. App. 527, 504 P.2d 58 (1972).

12. Plaintiff fails to state a cognizable claim under U.S.C. §1983 for deprivation of substantive due process rights.

WHEREFORE, having answered Plaintiff's First Amended Complaint, Defendants request that this matter be dismissed and that they be awarded their costs incurred herein including attorneys' fees pursuant to 42 U.S.C. §1988 and A.R.S. §12-716 and §13-420 and such other and further relief as the Court deems just and proper. As to all triable matters, Defendants request trial by jury.

DATED this 30th day of October 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Georgia A. Staton
    Georgia A. Staton
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendants Mohave County, Arizona; Mohave County Sheriff Douglas Schuster and Cynthia Schuster; Jordan T. Selmanson and Ashley N. Selmanson; Richard Schiller and Kathleen Schiller

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/  Martín Lucero

6226120.1

15