Mark N. Goodman/5124
**GOODMAN LAW FIRM**
P.O. Box 2489
Prescott, AZ 86302-2489
928/445-3230
mark@goodmanlaw.com
www.goodmanlaw.com
Attorneys for Ryan A. Krause

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **SHARLINE KRAUSE, individually, and on behalf of all statutory beneficiaries of DREY KRAUSE** | **Case No. 3:17-cv-08185-JJT** |
| Plaintiff, | |
| vs. | **MOTION OF** |
| **MOHAVE COUNTY, ARIZONA; MOHAVE COUNTY SHERIFF DOUGLAS SCHUSTER**, and **CYNTHIA SCHUSTER; JORDAN T. SELMANSON** and **ASHLEY N. SELMANSON; RICHARD SCHILLER** and **KATHLEEN SCHILLER**, | **RYAN ANDREW KRAUSE TO INTERVENE** |
| Defendants. | |

Ryan Andrew Krause, a/k/a Ryan A. Adelman ("Ryan"), through his undersigned counsel, respectfully moves the Court to permit him to intervene in this action as a statutory beneficiary of his biological father Drey Gerald Krause ("Decedent").  This motion is made for the reasons stated in, and is based upon, the accompanying Memorandum of Points and Authorities.

///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### Reason for This Motion

Ryan resides in the State of Oregon.  Ryan was born in December 1997.  He is the biological child of Decedent.  As a child of Decedent, Ryan is a statutory beneficiary under Arizona's wrongful death statute, Arizona Revised Statutes ("A.R.S.") § 12-612.  Ryan desires to have his own counsel represent his own interests.  Nothing stated in this motion is intended to suggest that plaintiff or her counsel have acted in a manner other than exemplary.

The recovery in a wrongful death action must be distributed to the statutory beneficiaries identified in A.R.S. § 12-612(A) in proportion to *their* individual damages. The damages of Ryan may be more, or less, than the damages of other statutory beneficiaries, one of whom is plaintiff – the grandmother of Ryan.

In a notice of claim letter sent by plaintiff's counsel to defendants, plaintiff's counsel represented that Ryan "did not have as strong a relationship as [plaintiff] did with [Decedent]."[1]  A copy of the that letter is attached.  In that notice of claim letter, plaintiff's counsel offered to settle on behalf of *all* statutory beneficiaries.  Ryan believes that the amount offered in settlement was not sufficient to adequately compensate plaintiff, Ryan and potential other statutory beneficiaries.

### II
### Authority

Rule 24(a), Federal Rules of Civil Procedure ("F.R.C.P."), recites:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

---

[1]    4 August 2017 letter from attorney Hathaway to Messrs. Selmanson and Schiller, and to Mohave County Board of Supervisors, redacted copy attached.

(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A.R.S. § 12-612 recites:

12-612. Parties plaintiff; recovery; distribution; disqualification

A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.
B. Either parent may maintain the action for the death of a child, and the guardian may maintain the action for the death of the guardian's ward.

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A of this section in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate.

D. If any party listed in subsection A of this section is found guilty of or guilty except insane for, or pled guilty or no contest to, a violation of section 13-3623 involving the death of the child decedent or a violation of section 13-1103, 13-1104 or 13-1105 involving the death of the decedent, the party is deemed to have predeceased the decedent and is disqualified from recovering wrongful death benefits.  This subsection applies to a person who is found guilty of or guilty except insane for, or pled guilty or no contest to, an offense committed in another jurisdiction that has the same elements of an offense listed in this subsection and that if committed in this state would be a violation of any of the offenses listed in this subsection.

E. For the purposes of subsection A of this section, "personal representative" includes any person to whom letters testamentary or of administration are granted by competent authority under the laws of this or any other state.  The personal representative may maintain the action for wrongful death without the issuance of further letters or any other requirement or authorization of law.

///
///

The "proportion" of damages that each statutory beneficiary is entitled to recover is not based upon an equal division among the beneficiaries, but instead, the proportionality must be measured by the individual pecuniary loss suffered by each beneficiary. *Nunez v. Nunez*, 25 Ariz. App. 558, 545 P.2d 69 (1976).

In *Quinonez on Behalf of Quinonez v. Andersen*, 144 Ariz. 193, 196, 696 P. 2d 1342 (App. 1984), the Arizona court of appeals noted that individual beneficiaries may have different and greater interests in the recovery than other beneficiaries:

> [S]ince the statutory beneficiaries take on an individual loss basis rather than on a pro rata basis, there is nothing in A.R.S. § 12-612(C) which would prohibit an individual beneficiary from contending and proving that he or she was entitled to a greater portion of the award than other like statutory beneficiaries, and in fact, such a beneficiary is entitled to separate counsel to establish that entitlement. *See Nunez v. Nunez*, *supra*. This is true even though there is but "one" plaintiff and "one" judgment. *Nunez, Id*.

In short, the interests of statutory beneficiaries are different:

> Although there is but one plaintiff in a wrongful death action, the respective interests of the persons entitled to be compensated for the loss of the decedent are different and in some circumstances, such as here, may be conflicting.... [S]ince there is to be one trial on the issue of liability and the damages sustained by the surviving spouse and the surviving children, participation in the trial cannot be limited to one attorney.

*Nunez, supra,* 25 Ariz. App. at 563, 545 P.2d at 74.

A plaintiff in a wrongful death action owes fiduciary duties to the statutory beneficiaries. *Wilmot v. Wilmot*, 203 Ariz. 565, ¶ 13, 58 P.3d 507 (2002) ("fiduciary duties are clearly owed to the other beneficiaries, both in conducting and settling the action and making distribution of proceeds to each of the other beneficiaries at the conclusion.").

///
///
///

## III
## Argument

*Ryan Claims an Interest*

As alleged in plaintiff's *First Amended Complaint* (Document 7, filed 10/015/17) at ¶ 2, Ryan is a statutory beneficiary.  Thus, Ryan claims an interest relating to the property or transaction that is the subject of the action.  Ryan's right to be compensated for the loss of Decedent is different from plaintiff's, and such interest may conflict with plaintiff's interests.  For example, plaintiff has previously offered to settle the claims of *all* statutory beneficiaries for a sum certain that Ryan believes is not adequate to protect his own interests.  Ryan has an interest in obtaining a fair outcome, one where he is compensated in proportion to *his* damages.

*Disposing of Action May Impair or Impede Ability to Protect Interest*

Ryan is so situated that disposing of the action without his ability to participate in the action may, as a practical matter, impair or impede Ryan's ability to protect his own interest.  Ryan must ensure that all viable claims are asserted, that all responsible persons are made parties to the action, that all admissible evidence is presented, and that if a settlement is to be made it be made for an appropriate amount.  Ryan must also be able to participate in any court-ordered alternative dispute resolution proceeding.  Ryan's status as a statutory beneficiary entitles him to obtain discovery such that he may prove *his* damages occasioned by Decedent's death.  Without Ryan's ability to participate in the action. Ryan's ability to protect his interest will be impaired and impeded.

*Existing Parties Unable to Adequately Represent Ryan's Interest*

Plaintiff's status as both statutory beneficiary and as plaintiff puts her in unavoidable conflicting roles.  Plaintiff owes fiduciary duties to Ryan, both in conducting

and settling the action.  Plaintiff also owes fiduciary duties in making distribution of proceeds to each of the statutory beneficiaries upon collection of a judgment or at settlement, whichever occurs.

Plaintiff is an elderly woman, albeit extremely well-represented.  Plaintiff's offer to settle with the tortfeasors, made on behalf of all statutory beneficiaries, demonstrates that plaintiff is unable to adequately represent Ryan's interests.  Ryan should be entitled to notice and an opportunity to be heard, and to have his own unique interests properly represented.

*Pleading Setting Out Claim for Which Intervention is Sought*

F.R.C.P., Rule 24(c) requires this motion to be accompanied by a pleading that sets out the claim for which intervention is sought.  Plaintiff's *First Amended Complaint* (Document 7, filed 10/015/17) ("FAC") sets out the claims for which intervention is sought.  Ryan hereby incorporates by reference the FAC as though it were attached hereto.

An alternative procedure would be for Ryan to file a separate, independent action with his own separate complaint on his own behalf, and then move to consolidate the two separate actions.  Such procedure, however, would be an inefficient use of judicial resources.  Intervening in this action makes more sense and promotes a better use of judicial resources.

**V**
**Conclusion**

Ryan respectfully requests that the Court grant this motion and permit him to intervene in this action as a statutory beneficiary of Decedent.  A proposed Order is lodged herewith.

///

Dated the 31st day of October 2017.

GOODMAN LAW FIRM
By: /s/ Mark N. Goodman
Mark N. Goodman,
**GOODMAN LAW FIRM**
P.O. Box 2489
Prescott, AZ 86302-2489
Attorney for Ryan Andrew Krause

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF System

GOODMAN LAW FIRM
By: /s/ Mark N. Goodman

## MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

MICHAEL R. MURPHY*
ROBERT E. SCHMITT* **
MILTON W. HATHAWAY, JR.
DAN A. WILSON
ANDREW J. BECKE
KRISTYNE M. SCHAAF-OLSON***

* Certified Specialist,
  State Bar of Arizona,
  Personal Injury and Wrongful Death
** Also Admitted in California
*** Also Admitted in Nevada & Navajo Nation

ATTORNEYS AT LAW
325 W. GURLEY STREET, SUITE 102
PRESCOTT, ARIZONA 86301
Telephone (928) 445-6860
Fax (928) 445-6468
WWW.MSHWLAW.COM

OTHER OFFICE LOCATIONS:

101 E. Second Street
Yuma, Arizona 85364
(928) 782-5354

2601 Stockton Hill Road, Suite H-8
Kingman, Arizona 86402
(928) 718-0868

*PLEASE REPLY TO:*
POST OFFICE BOX 591
PRESCOTT, ARIZONA 86302-0591

August 4, 2017

Ginny Anderson
Mohave County Clerk of the Board
700 West Beale Street
Kingman, Arizona 86401

Jordan T. Selmanson
Ashley N. Selmanson

Richard Schiller
Kathleen Schiller

SEP 1 8 2017

GOODMAN LAW FIRM

Re:   Notice of Claim Pursuant to A.R.S. 12-821.01
      Claimant:            Sharline Krause (Individually, and on behalf of all
                           statutory beneficiaries of Drey Krause)
      Date of Death:       February 13, 2017

Greetings,

I represent Sharline Krause, individually, and on behalf of all statutory beneficiaries of Drey Krause. Sharline Krause is the mother of Drey Krause. The other statutory beneficiaries include Lisa Krause, Drey Krause's wife, Alicia Krause, Drey Krause's daughter, and Ryan Adelman, Drey Krause's son.

As you know, Drey Krause died on February 13, 2017 after being shot twice by Mohave County Sheriff's Deputy, Jordan Selmanson. The facts of the shooting are well known to you and are the subject of Mohave County's Sheriff's Office Incident Report 17-005342 and Lake Havasu City Police Department Report 17-01022, copies of which are attached. Those reports detail the events of February 13, 2017 leading up to Drey's death

In the early evening hours of February 13, 2017, Deputies Selmanson and Schiller were dispatched to investigate a report of a shooting in Topock, Arizona. Neighbors at the scene reported that the shooter was a resident of a mobile home located at 4568 East Park Drive, Topock, Arizona, where Drey Krause and his mother, Sharline Krause, resided.

When deputies Schiller and Selmanson arrived at the Krause residence, rather than calling out to Drey Krause from a distance, Deputy Schiller and Deputy Selmanson approached the mobile home. Deputy Selmanson has stated the he knocked on the door and when he heard nothing he knocked on the door one more time and announced "Sheriff's Office." Deputy Selmanson claims that a few moments later the porch light turned

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

August 4, 2017
Page 2

on and the door was opened. He saw Drey Krause with a rifle in his hand. Deputy Selmanson claims that he advised Drey to drop the gun and when Drey raised the gun "a little higher" he decided to shoot Drey. As we now know, the gun was unloaded. We also know that Drey had a blood alcohol level of .271 at the time of his death. Prior to Deputy Selmanson's shooting of Drey, Drey had said nothing to him.

After Deputy Selmanson shot Drey, he fell into the carport of the mobile home His last words were "why did you shoot me."

We have retained the services of a police practices expert, Roger Clark. He has provided a preliminary opinion that the combined actions of Deputies Selmanson and Schiller not only fell below the standard expected of peace officers when approaching suspects accused of shooting violations, he has also provided a preliminary opinion that the combined actions of Deputies Schiller and Selmanson violated the constitutional rights of Drey Krause. Deputies Selmanson and Schiller simply should not have approached the mobile home. We have asked Mr. Clark to provide us with detailed opinions and a report and those will be provided to you upon receipt.

A.R.S. §12-611 provides:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter."

The measure of damages in a wrongful death action is set out in A.R.S. §12-613:

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. The amount recovered in such action shall not be subject to debts or liabilities of the deceased, unless the action is brought on behalf of the decedent's estate."

Drey Krause was the caregiver for his mother, Sharline. He had been taking care of his mother for approximately eight years at the time of his death. Drey took care of Sharline's household and medical needs. Sharline has cognitive difficulties and was completely reliant on the care and support provided by Drey. Drey's other statutory

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

August 4, 2017
Page 3

beneficiaries, Lisa Krause, his estranged wife, Alicia Krause, his adult daughter, and Ryan Adelman did not have as strong a relationship as Sharline did with Drey, but these individuals are statutory beneficiaries and this claim is intended to include their claims as well. Drey provided his mother care and support without charge. Sharline's surviving children are now advancing her several hundred dollars a month for their mother's care.

Below is a picture of Drey and his mother taken at Christmas time.



This is a picture of Drey with mother, sister, Collette Gipson, and brother, Tracy Krause.



The beneficiaries in a wrongful death claim are entitled to the full amount of money that will reasonably and fairly compensate them for their loss of love, affection, companionship, care, protection, and guidance; and the pain, grief, sorrow, anguish, stress, shock, and mental suffering from the loss. There is no threshold test for the quantum of love and affection that must be met in order to recover for the wrongful death of a loved one. Indeed, as the 5th Circuit noted, "[t]he loss of a loved one is not measurable in money." *Caldarera v. Eastern Airlines*, 705 F.2d 778, 784 (5th Cir. 1983).

Nonetheless, A.R.S. §12-821.01 requires a sum certain for resolution of this matter, Sharline Krause, on behalf of herself and all statutory beneficiaries, will settle the wrongful death claim against Mohave County and it's Deputies for the sum of ▊▊▊▊▊▊ This offer remains valid and open for the time periods specified in A.R.S. §12-821.01.

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

August 4, 2017
Page 4


Although Federal Civil Rights Laws have no notice of claim requirement, Sharline Krause, and the Estate of Drey Krause would be willing to compromise any federal civil rights claims which might be raised on their behalf pursuant to 42 U.S.C. §1983. See *Garcia v. Whitehead*, 961 F.Supp. 230, 232 (CD Cal 1997) (Damages under 42 U.S.C. §1983 survived death of claimant).

Very truly yours,

MURPHY, SCHMITT, HATHAWAY & WILSON, P.L.L.C.

Milton W. Hathaway, Jr.

MWH:lab
Enclosure