Georgia A. Staton, Bar #004863
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7854
gstaton@jshfirm.com

Attorneys for Defendants Mohave County, Arizona; Mohave County Sheriff Douglas Schuster and Cynthia Schuster; Jordan T. Selmanson and Ashley N. Selmanson; Richard Schiller and Kathleen Schiller

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| SHARLINE KRAUSE, individually and on behalf of all statutory beneficiaries of DREY KRAUSE, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MOHAVE COUNTY, ARIZONA; MOHAVE COUNTY SHERIFF DOUGLAS SCHUSTER AND CYNTHIA SCHUSTER; JORDAN T. SELMANSON; ASHLEY N. SELMANSON; RICHARD SCHILLER; KATHLEEN SCHILLER,<br><br>Defendants. | NO. 3:17-cv-08185-PCT-JJT<br><br>**MOTION TO RESCHEDULE/CONTINUE SCHEDULING CONFERENCE** |

This Court has set a scheduling conference in the above-referenced matter for December 18, 2017 at 2:00 p.m. Counsel undersigned, lead counsel in this matter, will be in a settlement conference with the Ninth Circuit Settlement Mediator, Kay Suk, on that day. Attached hereto as **Ex. 1**, is a copy of the order issued by Ms. Suk requiring counsel's appearance on that date and indicating that the parties must plan to spend the entire day in settlement discussions. Accordingly, undersigned counsel respectfully

6275675.1

requests this Court set the scheduling conference for any time convenient to the Court earlier than December 18th or between December 19-22, 2017.[1]

DATED this 2nd day of November 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Georgia A. Staton
Georgia A. Staton
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendants Mohave County, Arizona; Mohave County Sheriff Douglas Schuster and Cynthia Schuster; Jordan T. Selmanson and Ashley N. Selmanson; Richard Schiller and Kathleen Schiller

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Martín Lucero

---

[1] On December 11, 2017, counsel undersigned is scheduled to appear telephonically at a 10:00 a.m. scheduling conference with Judge Hatch in: *Deborah Jackson Dennison v. Window Rock Unified School District No.8*, Case No. CV2015-00465.

# EXHIBIT 1

FILED

OCT 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNY RIZZO, | No. 17-16681 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00829-NVW<br>District of Arizona,<br>Phoenix |
| v. | |
| CITY OF PHOENIX, a political subdivision of the State of Arizona and ANTHONY HARDINA, Badge No. 8076, in his individual capacity as an officer with the City of Phoenix Police Department, | ORDER |
| Defendants-Appellees. | |

An in-person mediation will be held on **December 18, 2017**, at **10:00 a.m.**, at the U.S. Bankruptcy Court, 230 North First Avenue, Room 3417, Phoenix, Arizona. Unless excused by the Circuit Mediator prior to the scheduled conference, the following participants shall attend on behalf of appellant: Joel Robbins and Denny Rizzo.

Unless excused by the Circuit Mediator prior to the scheduled conference, the following participants shall attend on behalf of appellees: Georgia Staton and Steve Harkin.

KS/Mediation

Participants shall have full authority to negotiate and settle the case on any terms at the conference.

Mediation statements shall be submitted to the Circuit Mediator via e-mail [kay_suk@ca9.uscourts.gov] on or before **December 11, 2017 by 12:00 p.m. (Noon).** Mediation statements shall be double-spaced, and may contain brief statements of the following: (a) factual and procedural background; (b) legal issues and arguments related to this dispute; (c) past settlement discussions; (d) the names and representative capacities of those who will attend the mediation and a cell phone number for counsel; (e) your client's goals and interests; (f) perceived goals and interests of the opposing party; (g) obstacles to settlement and proposals for overcoming them; and (h) adverse consequences for each party if the case is not resolved through settlement. Sections (a), (b), (c) and (d) shall be served on counsel for the opposing party on the same date they are submitted to the undersigned. Sections (e), (f), (g) and (h) shall be submitted only to the undersigned and shall not be served on the opposing party. Mediation statements shall <u>not</u> be filed with the court.

Counsel may also identify any documents filed with the district court that they wish the Circuit Mediator to review prior to the mediation.

The parties will be expected to sign the confidentiality agreement attached as Exhibit A to this order.

Participants should plan to spend the entire day engaged in meaningful settlement discussions and come prepared with thoughtful solutions to this dispute.

It is recommended that counsel review with their clients the information contained in the Mediation Program web site:

http://www.ca9.uscourts.gov/mediation with particular emphasis on section E "Preparing for Mediation."

FOR THE COURT:

By: Kyungah Suk
Circuit Mediator

ks/mediation

# CONFIDENTIALITY AGREEMENT

Case name: ***Denny Rizzo v. City of Phoenix, et al***
Appeal No: 17-16681
Court Mediator: Kyungah Suk
Date of Mediation: December 18, 2017

The participants in settlement discussions conducted under the auspices of the Ninth Circuit Mediation Program agree to the following:

(1) No written or oral communication made by the mediator or any party, attorney, or other participant in the settlement discussions:

(a) may be used for any purpose in any pending or future proceeding in this or any other court or administrative forum; and

(b) may be disclosed to anyone who is not a participant in the settlement discussions or an authorized agent of such participant.

(2) The nondisclosure provisions of paragraph (1) do not apply if such disclosure is made in the context of any subsequent confidential mediation or settlement conference with the agreement of all participants.

(3) Evidence shall not be inadmissible or protected from disclosure solely by reason of its introduction or use in settlement discussions.

(4) The parties shall not subpoena the mediator or any documents submitted to or prepared by the mediator in connection with or during the mediation session and the mediator shall not testify on behalf of any party.

(5) Nothing in this agreement shall preclude the admissibility of a written settlement agreement reached as a result of settlement discussions conducted in whole or in part through the Circuit Mediation Program in an action to enforce such an agreement.

_____     _____
Signature                          Print Name

_____     _____
Signature                          Print Name

_____     _____
Signature                          Print Name

_____     _____
Signature                          Print Name

_____     _____
Signature                          Print Name

_____     _____
Signature                          Print Name