Georgia A. Staton, Bar #004863
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7854
gstaton@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants Mohave County,
Arizona; Mohave County Sheriff Douglas
Schuster and Cynthia Schuster; Jordan T.
Selmanson and Ashley N. Selmanson;
Richard Schiller and Kathleen Schiller

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SHARLINE KRAUSE, individually and on behalf of all statutory beneficiaries of DREY KRAUSE, deceased,<br><br>                                        Plaintiff,<br><br>              v.<br><br>MOHAVE COUNTY, ARIZONA; MOHAVE COUNTY SHERIFF DOUGLAS SCHUSTER AND CYNTHIA SCHUSTER; JORDAN T. SELMANSON; ASHLEY N. SELMANSON; RICHARD SCHILLER; KATHLEEN SCHILLER,<br><br>                                        Defendants. | NO. 3:17-cv-08185-PCT-JJT<br><br>**Defendants' Response to Motion of Ryan Andrew Krause to Intervene** |

The Motion to Intervene by statutory wrongful death beneficiary Ryan Andrew Krause ("Beneficiary Krause") should be denied.   Beneficiary Krause's sole request is to be represented by counsel with regard to the wrongful death claim brought by Plaintiff Sharline Krause.  However, as explained below, in a lawsuit brought under the Arizona Wrongful Death Statute, A.R.S. §12-612, statutory beneficiaries are already considered parties to the litigation and may participate in the portion of the litigation pertaining to the determination of damages.

6285721.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   STATUTORY BENEFICIARIES ARE CONSIDERED PARTIES UNDER THE WRONGFUL DEATH STATUTE.

Under Arizona's wrongful death statute, claims by all statutory beneficiaries are consolidated in a single action brought by a designated plaintiff for and on behalf of the statutory beneficiaries to obtain compensation for their loss resulting from the victim's death. *Wilmot v. Wilmot*, 203 Ariz. 565, 569, 58 P.3d 507, 511 (2002). Under Arizona law, an action brought pursuant to A.R.S. § 12–612 involves only "one plaintiff and one judgment."

Statutory beneficiaries are, however, considered parties to the wrongful death lawsuit on the issue of damages.  See *Austin v. City of Scottsdale*, 140 Ariz. 579, 580–81, 684 P.2d 151, 152–53 (1984) ("That children are not named plaintiffs but are merely beneficiaries does not preclude them from being 'parties' to the litigation."); A.R.S. 12-613 (discussing the apportionment of damages among the "surviving parties"). The Arizona Court of Appeals in *Williams* explained the permissible role of a statutory beneficiary who retains counsel to participate in a wrongful death lawsuit brought by another plaintiff. *Williams v. Superior Court In & For County of Maricopa*, 169 Ariz. 468, 470, 820 P.2d 332, 334 (App. 1991). Under the statutory framework, the statutory beneficiary "cannot be the party who seeks to establish the defendant's liability." *Id.*  The statutory beneficiary does have the right, however, to:

> (1) attend depositions on liability, but not participate; and
>
> (2) participate in all aspects of litigation regarding that beneficiary's claim of damages.

*Id.*

This wrongful death lawsuit was brought by the decedent's mother, Sharline Krause, on behalf of all statutory beneficiaries of the decedent.   Mrs. Krause is the sole statutory plaintiff in the litigation and the only individual allowed to litigate the issue of liability.  Beneficiary Krause cites his concern that Plaintiff has undervalued his damages claim as the basis for his motion. Under the existing framework, however, Beneficiary

1  Krause has the ability to be represented by counsel and litigate the issue of his damages.

2  *Id.* at 469.  It is not necessary for him to intervene to do so.

3  **II.      THE MOTION TO INTERVENE SHOULD BE DENIED.**

4          Beneficiary Krause claims his request is subject to the mandatory

5  intervention provision of Fed. R. Civ. P. 24(a)(2).   As set forth above, he is already a

6  party with a right to participate in the litigation, albeit in the damages phase of the

7  litigation only.   He has also failed to show that he is entitled to intervene under the rule.

8          Under Fed. R. Civ. P. 24(a)(2), the court must grant a motion to intervene

9  by a person who "claims an interest relating to the property or transaction that is the

10 subject of the action, and is so situated that disposing of the action may as a practical

11 matter impair or impede the movant's ability to protect its interest, unless existing parties

12 adequately represent that interest."  Beneficiary Krause has not shown that the existing

13 statutory Plaintiff cannot adequately protect his interests in the liability phase or

14 otherwise.

15         Where an applicant for intervention and an existing party "have the same

16 ultimate objective, a presumption of adequacy of representation arises." *Nw. Forest Res.*

17 *Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996), *as amended on denial of reh'g*

18 (May 30, 1996).  As the *Williams* court recognized, Plaintiff and Beneficiary Krause share

19 the same interest: namely to establish the defendant's liability. *Williams*, 169 Ariz. At 470,

20 820 P.2d at 334.  Further, Plaintiff has a fiduciary duty "to protect the rights and interests

21 of all beneficiaries who seek or may seek to assert their claims." *Wilmot*, 203 Ariz. at 574

22 ¶ 34.

23         In this case, as in most wrongful death cases, the statutory plaintiff is both a

24 beneficiary and acts as a fiduciary of the other beneficiaries. *Id.* at 569, ¶ 13. Beneficiary

25 Krause asserts that the settlement offer in the Notice of Claim shows that his interests are

26 not adequately protected by Plaintiff, but does not explain how an offer to settle at the

27 Notice of Claim stage demonstrates that the Plaintiff will not fully protect his interests in

28 the litigation.   And because Beneficiary Krause already has a right to litigate and be

1    represented by counsel on the issue of damages, intervention is neither required, nor
2    necessary.

3                                        **<u>CONCLUSION</u>**

4            Defendants request that Ryan Krause's Motion to Intervene be denied.
5    Defendants further request that the court enter an order clarifying that counsel for
6    Beneficiary Krause may appear on his behalf for the limited purposes of litigating issues
7    pertaining to his claim of damages, and attending and observing depositions on issues of
8    liability, provided that he does not participate in the liability phase of the litigation.

9            DATED this 9th day of November 2017.

10                                          JONES, SKELTON & HOCHULI, P.L.C.

11

12                                   By/s/Ravi V. Patel
                                          Georgia A. Staton
13                                        Ravi V. Patel
                                          40 North Central Avenue, Suite 2700
14                                        Phoenix, Arizona  85004
                                          Attorneys for Defendants Mohave County,
15                                        Arizona; Mohave County Sheriff Douglas
                                          Schuster and Cynthia Schuster; Jordan T.
16                                        Selmanson and Ashley N. Selmanson;
                                          Richard Schiller and Kathleen Schiller
17

18                               **CERTIFICATE OF SERVICE**

19            I hereby certify that on this 9th day of November 2017, I caused the
20    foregoing document to be filed electronically with the Clerk of Court through the
21    CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF
22    system.

23
      /s/Victoria G. Wells
24

25

26

27

28

      6285721.1                                4