Mark N. Goodman/5124
**GOODMAN LAW FIRM**
P.O. Box 2489
Prescott, AZ 86302-2489
928/445-3230
mark@goodmanlaw.com
www.goodmanlaw.com
Attorneys for Ryan A. Krause

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **SHARLINE KRAUSE**, individually, and on behalf of all statutory beneficiaries of **DREY KRAUSE** <br><br> Plaintiff, <br><br> vs. <br><br> **MOHAVE COUNTY, ARIZONA**; **MOHAVE COUNTY SHERIFF DOUGLAS SCHUSTER**, and **CYNTHIA SCHUSTER**; **JORDAN T. SELMANSON** and **ASHLEY N. SELMANSON**; **RICHARD SCHILLER** and **KATHLEEN SCHILLER**, <br><br> Defendants. | Case No. 3:17-cv-08185-JJT <br><br> **REPLY IN SUPPORT OF MOTION OF RYAN ANDREW KRAUSE TO INTERVENE** |

Proposed Intervenor Ryan Andrew Krause ("Ryan"), through his undersigned counsel, pursuant to LRCiv 7.2(d), hereby replies in support of his motion ("Motion") to permit him to intervene in this action as a statutory beneficiary of his biological father Drey Gerald Krause. Defendants oppose the Motion, arguing that Ryan made a "sole request," that he is already considered a party to this action, and may participate in the determination of damages. Ryan should not be pigeon-holed. Ryan's interests go beyond those mistakenly assumed by defendants.

-1-

Ryan's Motion was "made for the reasons stated in, and is based upon, the" memorandum of points and authorities that accompanied the Motion. Motion, page 1, lines 21-23. Ryan sought, and seeks, to intervene "to have his own counsel represent his own interests." Motion, page 2, lines 6-7. "Ryan must ensure that all viable claims are asserted, that all responsible person are made parties to the action, that all admissible evidence is presented, and that if a settlement is to be made it be made for an appropriate amount." Motion, page 5, lines 15-17. "Ryan must also be able to participate in any court-ordered alternative dispute resolution proceeding." Motion, page 5, lines 17-18.

Thus, Ryan's Motion is not limited to a "sole request." Just as plaintiff appears "individually, and on behalf" of others, Ryan should be allowed to intervene "individually, and as statutory beneficiary of Drey Krause." Absent a right to receive pleadings, motions, orders, and other documents filed with the Clerk by all parties, Ryan's alleged "party" status is an empty shell – a pyrrhic victory – one that is hollow and meaningless. Many things affect the determination of damages as a case progresses, from the matters pled in the Complaint to the final argument of counsel.

For example, the Order (Doc 10) entered by the Court on 30 October 2017 refers to a Pretrial Scheduling Conference where a number of matters affecting Ryan's interest will be discussed: (i) possible use of an alternative dispute resolution mechanism; (ii) matters relating to joinder of additional parties; (iii) schedule of pretrial proceedings; (iv) whether a party desires a settlement conference before a judicial officer; (v) mandatory initial discovery responses; (vi) and, the subjects on which discovery may be needed, among other things. Under defendants' misguided view, Ryan would not be eligible to participate as the Order does not specifically refer to "damages."

Appellate decisions provide no clear definition of what constitutes a litigable "interest" for purposes of intervening under Rule 24(a)(2). *Bradley v. Milliken,* 828 F.2d

1186, 1192 (6th Cir.1987); C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1908, at 263 (1986).

In deciding whether Ryan's interest is adequately represented by plaintiff, the Court should consider (1) whether the interest of plaintiff is such that she will undoubtedly make all Ryan's arguments; (2) whether plaintiff is capable and willing to make such arguments; and (3) whether Ryan would offer any necessary elements to the proceedings that plaintiff would neglect. *California v. Tahoe Regional Planning Agency,* 792 F.2d 775, 778 (9th Cir.1986).

As Ryan has previously noted, plaintiff is an elderly person. Notwithstanding the quality of representation she enjoys, plaintiff's advanced age puts her at a disadvantage to the youthful Ryan. Ryan can and will think of things that his grandmother can never consider. The experience of Ryan's counsel in dealing with defense counsel likely is not the same as that of plaintiff's counsel. This difference in experience is another factor which suggests that Ryan should be allowed to intervene.

Ryan, of course, was born decades after plaintiff, his grandmother. He sees the world through different eyes. Plaintiff cannot possibly make all Ryan's arguments because she knows not what they are. Plaintiff's investigation has been different from Ryan's investigation. Ryan would bring to the proceedings the view that a child has for a parent, the decedent, as opposed to the only view plaintiff has ever known: that of a parent to a child.

The requirement of inadequate representation is established as Ryan shows that plaintiff's representation "may be" inadequate to protect Ryan's interests. *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 578 (9th Cir.1983), *aff'd,* 790 F.2d 760 (9th Cir.1986). The inherent conflict between plaintiff's fiduciary duty and her personal interests demonstrates that plaintiff's representation of Ryan "may be" inadequate.

1    Recovery will vary according to the unique circumstances of each beneficiary. *Nunez v. Nunez*, 25 Ariz. App. 558, 545 P.2d 69 (1976), In *Quinonez on Behalf of Quinonez v. Andersen*, 144 Ariz. 193, 196, 696 P. 2d 1342 (App. 1984).  Thus, Ryan must ensure that his unique circumstances are considered as the litigation train travels from embarkment, to railway station, to roundhouse, to railway terminal.

Because plaintiff must consider the interests of other putative beneficiaries, and will certainly consider her own personal interest (as a beneficiary), Ryan's interests will not necessarily be adequately protected unless he has his own counsel.  That Ryan's interests need protection is evident from the response to the Motion, opposing Ryan's intervention in this action.  It is also evident from the settlement offer made by plaintiff without consulting Ryan or giving him notice of it.  Furthermore, it is evident because, as of this date, plaintiff has not stepped forward to join in the Motion, to concur that the Motion should be granted, or to represent Ryan's interests in the face of the attack on him by defendants and their counsel.

Clearly, Ryan and plaintiff do not have the same interests, which demonstrates that he cannot be adequately protected by plaintiff, who did not consult Ryan before making a settlement offer.  Ryan, plaintiff, and other putative beneficiaries are in competition because each wants full recovery from what may be limited damages.

Defendants argue that Ryan may attend depositions on liability, but not participate. Rarely, if ever, is a notice of deposition served that states the deposition is on damages and not on any other issue.  Clearly, Ryan has a right to participate in every facet of the litigation relating to damages, *Hurt v. Superior Court,* 124 Ariz. 45, 50, 601 P.2d 1329, 1334 (1979); *Quinonez v. Andersen,* 144 Ariz. 193, 196, 696 P.2d 1342, 1345 (App. 1985) (the right to counsel and the right to participate in litigation stemming from a wrongful death action extends to beneficiaries over the issue of damages), and where the interests

of the beneficiaries conflict. *Nunez v. Nunez,* 25 Ariz. App. 558, 562, 545 P.2d 69, 73 (1976) ("participation in the trial of [a] wrongful death action by separate counsel for beneficiaries whose interests conflict, must be allowed").  Anyone who has attended a deposition knows that it is not always possible to draw a bright line between questions posed that relate to liability versus questions posed that relate to damages.  Sometimes, a question relates to both subjects.

Defendants also argue that Ryan can be represented and litigate the issue of his damages, but it is not necessary for him to intervene to do so.  It is inexplicable how Ryan could litigate the issue of his damages without first intervening, so he can: (i) attend and participate in the Pretrial Scheduling Conference; (ii) obtain discovery; (iii) learn what is happening; (iv) learn what stipulations are being made; (v) learn what hearings are being held; (vi) and, learn what orders are being entered.  Adequacy of representation depends upon knowing what is happening, what stipulations are being made, what hearings are being held, and what orders are being entered.  In short, adequacy of representation means participation in the litigation.  Furthermore, plaintiff is not the only one who has § 1983 claims.

Thus, Ryan respectfully requests that the Court grant the Motion and permit him to intervene in this action individually and as a statutory beneficiary of Decedent.

Dated the 10th day of November 2017.

        GOODMAN LAW FIRM
        By: /s/ Mark N. Goodman
        Mark N. Goodman,
        **GOODMAN LAW FIRM**
        P.O. Box 2489
        Prescott, AZ 86302-2489
        Attorney for Ryan Andrew Krause

///
///
///

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF System

          GOODMAN LAW FIRM
          By: /s/ Mark N. Goodman

///
///
///