1  Georgia A. Staton, Bar #004863
2  Ravi V. Patel, Bar #030184
   JONES, SKELTON & HOCHULI, P.L.C.
3  40 North Central Avenue, Suite 2700
   Phoenix, Arizona  85004
   Telephone:  (602) 263-1700
4  Fax:  (602) 200-7854
   gstaton@jshfirm.com
5  rpatel@jshfirm.com

6  Attorneys for Defendants Mohave County,
   Arizona; Mohave County Sheriff Douglas
7  Schuster and Cynthia Schuster; Jordan T.
   Selmanson and Ashley N. Selmanson;
8  Richard Schiller and Kathleen Schiller

9
                  **UNITED STATES DISTRICT COURT**
10
                      **DISTRICT OF ARIZONA**
11

12  SHARLINE KRAUSE, individually and on       NO. 3:17-cv-08185-PCT-JJT
    behalf of all statutory beneficiaries of DREY
13  KRAUSE, deceased,                          **JOINT CASE MANAGEMENT**
                                               **PLAN**
14                                    Plaintiff,

15            v.

16  MOHAVE COUNTY, ARIZONA; MOHAVE
    COUNTY SHERIFF DOUGLAS SCHUSTER
17  AND CYNTHIA SCHUSTER; JORDAN T.
    SELMANSON; ASHLEY N. SELMANSON;
18  RICHARD SCHILLER; KATHLEEN
    SCHILLER,
19
                                   Defendants.
20

21  **I.    NATURE OF THE CASE**

22          1.    **Plaintiff**:

23          On February 13, 2017, Deputies Selmanson and Schiller of the Mohave

24  County Sheriff's Office responded to a report of a weapons discharge in Topock, Arizona.

25  They approached a residence which was occupied by Drey Krause during the course of

26  their investigation. They did not phone the Krause residence before approaching it. They

27

28
    6316916.1

did not call the occupants of the house out before approaching it. They did not ask for assistance in surrounding the house before approaching it.

The only information concerning the actions of Deputies Selmanson and Schiller on the night of the incident come from them. Drey Krause was shot by Deputy Selmanson and died as a result of the shooting. The evidence will establish that Drey Krause was not a threat to Deputies Selmanson or Schiller when he was shot. Plaintiff believes the evidence will establish that Drey Krause may not have even seen Deputies Selmanson and/or Schiller before he shot. The evidence will establish that Drey Krause was not even facing Deputy Selmanson at the time Deputy Selmanson shot and killed him. At the time of his death, Drey Krause was holding an unloaded .410 single-shot shotgun. The evidence will establish that Deputies Selmanson and Schiller engaged in conduct that "shocks the conscience" and/or "violates the decencies of civilized conduct." Defendants Selmanson and Schiller were grossly negligent on the night of Drey Krause's death.

2.      **Defendants:**

On February 13, 2017, Deputies Selmanson and Schiller were dispatched to Park Drive in Topock, Arizona, in response to report by a resident, that her neighbor may have fired a gun at her.   They were in the process of investigating when they approached the Krause residence.  Both were dressed in full uniform.   Deputy Selmanson knocked loudly on the door of the residence, and announced his presence and informed the occupants that he was with the Mohave County Sheriff's Office.   He made this announcement at least twice.   Drey Krause answered the door holding a .410 caliber shotgun.   Deputy Selmanson backed away from the door, ordering Krause to drop his weapon multiple times.   Drey Krause did not comply, and instead, advanced towards Deputy Selmanson, raised his weapon from a downward angle to almost a 90 degree (horizontal) angle, and pointed the weapon towards Deputy Selmanson, Deputy Selmanson then fired his weapon at Krause in self-defense.

Deputy Selmanson then requested that medical support be dispatched. There was no obvious medical assistance that Deputies Selmanson and Schiller could provide while emergency medical services were on route. Emergency medical services assessed Krause and provided medical care while transporting Krause to the hospital, where he was pronounced deceased. The autopsy report showed that Krause had a blood alcohol level of 0.271. Deputy Selmanson was legally justified in using deadly force against Krause based on the reasonably perceived threat that Drey Krause posed to the safety of Deputy Selmanson, and potentially others. Defendants deny that they are liable for any alleged damages arising from the death of Drey Krause.

## II.   ELEMENTS OF PROOF

### A.   Count I Substantive Due Process – 42 USC 1983, 14th Amendment liberty interest in companionship of child.

Plaintiff must show that:

1.   She had a liberty interest in the companionship of the decedent, and

2.   Defendants engaged in conduct that "shocks the conscience" or "violates the decencies of civilized conduct" and

3.   Defendants acted with a purpose to harm without regard to legitimate law enforcement objectives, and

4.   Damages relating to the nature of the relationship lost.

*County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998); *Zion v. County of Orange*, --- F.3d ---, 2017 WL 4929899 (9th Cir. November 1, 2017).

### B.   Count II Substantive Due Process – 42 U.S.C. § 1983 – 14th Amendment denial of medical care

**Plaintiff**:

1.   She had a liberty interest in the companionship of the decedent, and

2.   Defendants engaged in conduct that "shocks the conscience" or "violates the decencies of civilized conduct" and

3.     Defendants acted with a purpose to harm without regard to legitimate law enforcement objectives, and

4.     Damages relating to the nature of the relationship lost.

*County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998); *Zion v. County of Orange*, --- F.3d ---, 2017 WL 4929899 (9th Cir. November 1, 2017).

Plaintiff believes that the failure of Deputies Selmanson and Schiller to provide medical care after Drey Krause was shot is conduct that "shocks the conscience" and/or "violates the decencies of civilized conduct and supports a substantive due process claim by Plaintiff.

**Defendants**:

There are no elements of a 14th Amendment "denial of medical care claim," because a claim arising from the conduct of officers during a seizure is analyzed under the Fourth Amendment, not the Fourteenth Amendment.  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006) (applying the Fourth Amendment's objective reasonableness standard to a claim that police officers failed to provide adequate medical assistance following an arrest).

A Fourth Amendment claim was not brought here.  In any event such a claim would have to be brought by a decedent's estate through its personal representative. *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir.1998) (generally only the person whose Fourth Amendment rights were violated can sue to vindicate those rights, but in § 1983 actions, decedent's survivor may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action."); A.R.S. § 14-3110 (causes of action that survive a person's death "may be asserted by or against the personal representative of such person.").  This Plaintiff is not the personal representative of Drey Krause's estate, and Drey Krause's estate is not a plaintiff in this action.

6316916.1                                    4

C.    **Count II (sic) Substantive Due Process – 42 U.S.C. § 1983 – failure to train and supervise**

**Plaintiff**:

1.    She had a liberty interest in the companionship of the decedent, and

2.    Defendants engaged in conduct that "shocks the conscience" or "violates the decencies of civilized conduct" and

3.    Defendants acted with a purpose to harm without regard to legitimate law enforcement objectives, and

4.    Damages relating to the nature of the relationship lost.

*County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998); *Zion v. County of Orange,* --- F.3d ---, 2017 WL 4929899 (9th Cir. November 1, 2017).

Plaintiff believes that the failure of the Mohave County Sheriff's Office to train Deputies Selmanson and Schiller "shocks the conscience" and/or "violates the decencies of civilized conduct" and supports a substantive due process claim by Plaintiff.

**Defendants**:

There are no elements to a 14th Amendment "failure to train and supervise" claim because there is no such separate claim.  While hypothetically the allegations of "failure to train and supervise" could be part of a 4th Amendment claim personal to the decedent, no such claim was or could be alleged here, because such a claim would have to be brought by a decedent's estate through its personal representative.  *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir.1998) (generally only the person whose Fourth Amendment rights were violated can sue to vindicate those rights, but in § 1983 actions, decedent's survivor may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action."); A.R.S. § 14-3110 (causes of action that survive a person's death "may be asserted by or against the personal representative of such person.").  This Plaintiff is not the personal representative of Drey Krause's estate, and Drey Krause's estate is not a plaintiff in this action.

D.      **Count III 42 U.S.C. §1983 – "Municipal Liability"**

**Plaintiff**:

1.      She had a liberty interest in the companionship of the decedent, and

2.      Defendants engaged in conduct that "shocks the conscience" or "violates the decencies of civilized conduct" and

3.      Defendants acted with a purpose to harm without regard to legitimate law enforcement objectives, and

4.      Damages relating to the nature of the relationship lost.

*County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998); *Zion v. County of Orange,* --- F.3d ---, 2017 WL 4929899 (9th Cir. November 1, 2017).

Plaintiff believes that the evidence will establish that the policies, practices, and customs implemented and maintained by the Mohave County Sheriff's Office "shocks the conscience" and/or "violates the decencies of civilized conduct" and that this supports a claim of substantive due process violations in favor of Plaintiff.

**Defendants**:

There are no elements to a 14th Amendment 'Municipal Liability" claim because there is no such separate claim.   While hypothetically the allegations of "municipal liability" could be part of a 4th Amendment claim personal to the decedent, no such claim was or could be alleged here, because such a claim would have to be brought by a decedent's estate through its personal representative.   *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir.1998) (generally only the person whose Fourth Amendment rights were violated can sue to vindicate those rights, but in § 1983 actions, decedent's survivor may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action."); A.R.S. § 14-3110 (causes of action that survive a person's death "may be asserted by or against the personal representative of such person.").   This Plaintiff is not the personal representative of Drey Krause's estate, and Drey Krause's estate is not a plaintiff in this action.

**E.**     **Qualified Immunity Defense to Plaintiff's Federal Claim**

Qualified immunity requires the entry of judgment in favor of individual government employees unless the employee's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity applies unless every reasonable official would have understood that what he [was] doing violated [the constitutional] right."  *Ashcrot v. al-Kidd*, 563 U.S. 731,  741 (2011); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("[I]f officers of reasonable competence could disagree . . ., immunity should be recognized").  Qualified immunity allows for mistaken judgments and protects "all but the plainly incompetent or those who knowingly violate the law.*" Sinaloa Lake Owners Ass'n v. City of Simi Valley* 70 F.3d 1095, 1099 (9th Cir. 1995).

**F.**     **Count III (sic) – State Wrongful Death**

 Plaintiff must prove:

1.     Defendants had a duty to conform to a certain standard of care;

2.     Defendants were grossly negligent in investigating the crime for which Drey Krause was accused.  *Landeros v. City of Tucson*, 171 Ariz. 474, 831 P.2d 850 (Ct. App. 1992);

3.     A causal connection between defendants' conduct and the death.

4.     Damages resulting from death.

*Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007); A.R.S. § 12-613.

**G.**     **Defenses to the State Wrongful Death Claim.**

1.     **Failure to Serve Notice of Claim upon Sherriff Douglas Schuster**

Defendants must prove:

a.     Plaintiff failed to serve the individual with a notice of claim within 180 days after the cause of action accrued. A.R.S. §12-821.01(A); *Crum v. Superior Court*, 186 Ariz. 351, 352 (Ariz. Ct. App. 1996).

2.     **Decedent was under the influence of an intoxicating liquor, A.R.S. § 12-711**

The finder of fact may find Defendants not liable if Defendants prove:

a.   Drey Krause was under the influence of an intoxicating liquor;  and

b.   As a result of that influence, Drey Krause was at least 50% responsible for the event that caused his death.

3.   **Decedent was attempting to commit a felony criminal act, A.R.S. § 12-712(A)**

The finder of fact may find Defendants not liable if Defendants prove:

a.   Drey Krause was attempting to commit or committing a felony criminal act; and

b.   As a result of that act, Drey Krause was at least 50% responsible for the event that caused his death.

4.   **Justification in the use of force under A.R.S. § 13-404.**

Defendants were justified in threatening or using physical force if they prove that that a reasonable person would believe physical force was immediately necessary to protect himself against Drey Krause's use or attempted use of unlawful physical force.

5.   **Justification in the use of deadly force under A.R.S. § 13-405.**

Defendants were justified in threatening or using deadly physical force if they prove that:

a.   Defendants would be justified in threatening or using physical force against Drey Krause under § 13-404, and

b.   a reasonable person would believe that deadly physical force was immediately necessary to protect himself against Drey Krause's use or attempted use of unlawful deadly physical force.

Defendants had no duty to retreat before threatening or using deadly physical force if they were in a place where they could legally be and were not engaged in an unlawful act.

6.   **Justification in the use of force or deadly force to protect another under A.R.S. § 13-406**.

Defendants were justified in threatening or using deadly physical force to protect a third person if they prove that:

a.   under the circumstances as a reasonable person would believe them to be, defendants were justified under § 13-404 or 13-

405 and a reasonable person would believe that Drey Krause was threatening a third person whom defendants sought to protect.

7.     **Justification in the use of force to make an arrest, A.R.S. § 13-409.**

Defendants were justified in threatening or using physical force to make or assist in making an arrest or detention if they prove that:

    a.    Defendants were making or assisting in arresting or detaining Drey Krause,

    b.    Drey Krause used or threatened to use physical force, and:

        i.    A reasonable person would believe that such force was immediately necessary to effect the arrest or detention, and

        ii.    Defendants made known the purpose of the arrest or detention or believed it was otherwise known or could not reasonably be made known to Drey Krause, and

        iii.    A reasonable person would believe the arrest or detention to be lawful.

8.     **Justification in the threatened use of deadly force to make an arrest.  A.R.S. § 13-410(A).**

Defendants must prove that:

    a.    A reasonable person effecting the arrest would believe that Drey Krause was:

        i.    Actually resisting the discharge of a legal duty with deadly physical force or with the apparent capacity to use deadly physical force; or

        ii.    A felon who had escaped from lawful confinement; or

        iii.    A felon who was fleeing from justice or resisting arrest with physical force.

9.     **Justification in the use of deadly force in law enforcement, A.R.S. § 13-410(C).**

Defendants must prove that:

a.    They reasonably believed it was necessary:

    i.    To defend himself or a third person from what he reasonably believed to be the use or imminent use of deadly physical force.

ii.    To effect an arrest a person whom the peace officer reasonably believed:

   a)    Had committed, attempted to commit, was committing or was attempting to commit a felony involving the use or a threatened use of a deadly weapon, or

   b)    was attempting to escape by use of a deadly weapon, or

   c)    Through past or present conduct of the person which was known by the peace officer that the person was likely to endanger human life or inflict serious bodily injury to another unless apprehended without delay

Notwithstanding any other provisions of this chapter, a peace officer is justified in threatening to use deadly physical force when and to the extent a reasonable officer believes it necessary to protect himself against another's potential use of physical force or deadly physical force.  A.R.S. § 13-410(D).

**H.    Plaintiff's federal claim for punitive damages.**

Plaintiff is not entitled to punitive damages against the County on her federal claim.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  To recover punitive damages on a federal claim against an individual defendant, Plaintiff must prove that the Defendant's conduct was motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others.  *Smith v. Wade*, 461 U.S. 30, 56 (1983).

**I.    Plaintiff's claim for punitive damages on the state claim.**

Plaintiff is not entitled to punitive damages on the state claim.  A.R.S. § 12-820.04 ("Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages.")

**III.    FACTUAL AND LEGAL ISSUES GENUINELY IN DISPUTE**

1.    Whether Plaintiff has a liberty interest in her relationship with Drey Krause as defined by case law.

2.    Whether Deputy Selmanson and/or Deputy Schiller were grossly negligent in investigating the crime for which Drey Krause was accused.

3.    Whether Deputy Selmanson and/or Deputy Schiller were grossly negligent in calling emergency medical services following the shooting, but not providing additional medical care while emergency services were en route.

4.    Whether there is a causal connection between one or more defendants' conduct and the death.

5.    Whether Deputy Selmanson was legally justified in his use of force.

6.    Whether decedent was attempting to commit a felony act, and, as a result of the act was more than 50% responsible for the event that caused his death.

7.    Whether decedent was under the influence of an intoxicating liquor, and was, as a result of his intoxication, more than 50% responsible for the event that caused his death.

8.    Whether Drey Krause was comparatively at fault pursuant to A.R.S. §12-2506.

9.    Whether Deputies Selmanson and Schiller engaged in conduct that "shocks the conscience" or "violates the decencies of civilized conduct."

10.   Whether Deputy Selmanson acted with an intent to harm unrelated to any law enforcement purpose.

11.   Whether Plaintiff 's first Count II seeking damages under 42 U.S.C. §1983 for denial of medical care to Drey Krause, fails to state a claim upon which relief can be granted.

12.   Whether Plaintiff 's second Count II seeking damages under 42 U.S.C. §1983 for failure to supervise Deputies Selmanson and Schiller, fails to state a claim upon which relief can be granted.

13.   Whether Plaintiff 's first Count III alleging municipal liability under 42 U.S.C. §1983 for the allegedly tortious acts of Deputies Selmanson and Schiller, fails to state a claim upon which relief can be granted.

14.   Whether Deputies Selmanson and Schiller are entitled to qualified immunity for the acts or omissions which give rise to Plaintiff's claims.

15.   Whether Mohave County is an official policy maker for the Mohave County Sheriff's Office or its deputies.

16.   Whether Sheriff Schuster was properly served with a notice of claim, as required by A.R.S. §12-821.01.

17.   Whether Mohave County can be held liable for the torts alleged to be committed by Defendants.

18.   Whether any Defendant's allegedly tortious acts were motivated by an evil motive or intent, or involved reckless or callous indifference to the federally protected rights of others.

19.   Whether Plaintiff or any statutory beneficiary suffered damages as a result of one or more Defendants' actions, and if so, in what amount.

6316916.1

1    **IV.    JURISDICTIONAL BASIS OF THE CASE**

2              This Court has jurisdiction over the federal claims in this action pursuant to

3    28 U.S.C. §1331 and 28 U.S.C. §1343.   The Court has supplemental jurisdiction over

4    Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

5    **V.    PARTIES NOT SERVED**

6              All defendants named in this lawsuit have been served or waived service

7    and have filed an answer.

8    **VI.    PARTIES NOT SUBJECT TO COURT'S JURISDICTION**

9              There are no parties not subject to the Court's jurisdiction.

10   **VII.   DISPOSITIVE MOTIONS**

11             Defendants anticipate filing dispositive motions on one or more of the

12   following issues:

13              1.    Whether the state law claims against Sheriff Schuster are barred
                      because he was not properly served with a Notice of Claim.
14
                2.    Whether Plaintiff has standing to bring claims under 42 U.S.C. §1983
15                    for failure to train or supervise Deputies Schiller and Selmanson,
                      denial of medical care to Drey Krause, or alleging municipal liability
16                    against Mohave County, or Sheriff Schuster.

17              3.    Whether Deputies Selmanson and Schiller are entitled to the
                      protection of qualified immunity.
18
                4.    Whether Mohave County may be held vicariously liable for torts
19                    alleged to be committed by Deputy Sheriffs.

20              5.    Whether the Deputy Selmanson (and Deputy Schiller) were justified
                      in the use of force against Drey Krause, the decedent.
21
                6.    *Daubert* Motions/Motions to Strike Experts under rules 702-705,
22                    Fed.R.Civ.P.

23              7.    Dispositive Motions on liability.  It is anticipated that after discovery,
                      Plaintiff will be unable to establish the elements of the alleged state
24                    and federal claims.

25   **VIII.  REFERRAL TO MAGISTRATE JUDGE**

26             The parties do not believe this matter is appropriate for referral to a

27   Magistrate Judge or special master.

28   ///

     6316916.1                              12

IX.   **STATUS OF RELATED CASES**

There are no related cases pending before other judges of this Court or before other courts.

X.   **DISCUSSIONS OF THE MIDP RESPONSES**

The parties exchanged MIDP Responses on November 29, 2017.

XI.   **PROPOSED DEADLINES**

| | |
|---|---|
| Filing motions to amend the Complaint or to join additional parties | Plaintiff:  03/15/2015<br><br>Defendant:  12/15/2017 |
| Completion of all fact discovery | 11/2/2018 |
| Disclosure of expert testimony by Plaintiff(s) under Fed. R. Civ. P. 26(a)(2) | 12/14/2018 |
| Disclosure of expert testimony by Defendant(s) under Fed. R. Civ. P. 26(a)(2) | 2/8/2019 |
| Disclosure of rebuttal expert testimony | 3/8/2019 |
| Disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3) | The later of 6/28/2019, or 60 days following a non-dispositive ruling on dispositive motions. |
| Closure of all discovery | 4/19/2019 |
| Completing good faith settlement discussions | 5/10/2019 |
| Filing dispositive motions, including Daubert Motions | 6/14/2019 |

1

## XII.   SCOPE OF DISCOVERY

2      Plaintiff anticipates taking the depositions of Defendants Schuster,

3   Selmanson, and Schiller, if necessary, in order to establish foundation for purposes of

4   trial. Plaintiff reserves the right to take depositions of those individuals identified in its

5   MIDP Responses. Plaintiffs intend to serve interrogatories, requests for productions, and

6   requests for admissions upon Defendants.

7      Defendants anticipate taking the deposition of Plaintiff, each statutory

8   beneficiary, Plaintiff's experts and Plaintiff's damages witnesses.  Defendants intend to

9   serve Interrogatories, Requests for Production and Requests for Admissions upon

10  Plaintiff.

11  ## XIII.  ESTIMATED LENGTH OF TRIAL

12     The parties presently anticipate that a trial of this matter will take 6-8 days.

13  ## XIV.  JURY TRIAL

14     Both parties have requested a jury trial.

15  ## XV.   PROSPECTS FOR SETTLEMENT

16     The prospects of settlement are dim.   However, the parties will engage in

17  settlement discussions in good faith within the time frame set forth in this Court's order.

18  ## XVI.  CLASS ACTION CERTIFICATION

19     Not applicable.

20  ## XVII. ANY UNUSUAL, DIFFICULT, OR COMPLEX PROBLEMS

21     None.

22  ## XVIII.      OTHER MATTERS

23     The parties have no further suggestions for the Court.

24  ///

25  ///

26  ///

27  ///

28  ///

6316916.1                                    14

DATED this 30th day of November 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Georgia A. Staton
    Georgia A. Staton
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendants Mohave County,
    Arizona; Mohave County Sheriff Douglas
    Schuster and Cynthia Schuster; Jordan T.
    Selmanson and Ashley N. Selmanson;
    Richard Schiller and Kathleen Schiller

MURPHY, SCHMITT, HATHAWAY &
WILSON, PLLC


By /s/ Milton W. Hathaway, Jr. (w/permission)
    Milton W. Hathaway, Jr.
    P.O. Box 591
    Prescott, Arizona  86302
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Martín Lucero