**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sharline Krause,<br><br>       Plaintiff,<br><br>v.<br><br>County of Mohave, *et al.*,<br><br>       Defendants. | No. CV-17-08185-PCT-JJT<br><br>**ORDER** |

At issue is Ryan Andrew Krause's ("Movant") Motion to Intervene (Doc. 12, Mot.), to which Defendants have filed a Response (Doc. 16, Resp.), and to which Movant has filed a Reply (Doc. 17, Reply). Plaintiff Sharline Krause did not file a responsive brief, and thus neither takes a position opposing or in support of the Motion. Because Movant is already party to this action, the Court denies the Motion to Intervene.

**I.  BACKGROUND**

This matter stems from the death of Drey Krause ("Decedent")—Plaintiff's son and Movant's father—during a confrontation with deputies from the Mohave County Sheriff's Office on February 13, 2017. Plaintiff filed suit in this Court on September 14, 2017, and amended her Complaint on October 5, 2017. Plaintiff's Amended Complaint contains five claims, four of which Plaintiff brings under 42 U.S.C. § 1983 for the alleged violation of her own Fourteenth Amendment substantive due process rights. (Doc. 7, Am. Compl. ¶¶ 67–131.) Plaintiff additionally asserts a claim of wrongful death under Arizona state law on behalf of herself and decedent's statutory beneficiaries, including

Movant. (Am. Compl. ¶¶ 132–137.) Movant now requests to intervene in the action pursuant to Federal Rule of Civil Procedure 24(a)(2).[1]

## II. ANALYSIS

In Arizona, an action for wrongful death may be brought by "the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of" the deceased's statutory beneficiaries. A.R.S. § 12-612A. Although the statute permits a number of parties to initiate such a suit, it "contemplates that claims by all statutory beneficiaries be consolidated in a single action. *Wilmot v. Wilmot*, 58 P.3d 507, 511 (Ariz. 2002). Thus, "[a] wrongful death action . . . is one action for damages with *one* plaintiff and one judgment." *Id.* (emphasis added) (quoting *Begay v. City of Tucson*, 715 P.2d 761 (Ariz. 1986)); *see also Forbes v. 21st Century Ins. Co.*, No. CV-08-884-PHX-ROS, 2010 WL 11512381, at *2 (D. Ariz. Jan 5, 2010).

That statutory beneficiaries are not named plaintiffs "does not preclude them from being 'parties' to the litigation." *Austin v. City of Scottsdale*, 684 P.2d 151, 152 (Ariz. 1984). However, the single plaintiff rule significantly restricts a non-plaintiff beneficiary's participation in the matter. *See Williams v. Superior Court*, 820 P.2d 332, 334 (Ariz. Ct. App. 1991). Under this rule, statutory beneficiaries may participate only in the damages portion of the litigation as of right. *Id.* Nevertheless, a beneficiary, along with counsel, is entitled to attend depositions pertaining to a defendant's liability, even though that party's participation in those depositions is limited to aspects relating to the beneficiary's damages. *Id.* at 333–34.

Although the statutory plaintiff drives the liability phase of litigation, he owes a fiduciary duty "to the other beneficiaries, both in conducting and settling the action and

---

[1] When filing a motion to intervene, the moving party must include "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Movant purports to base his motion on every claim contained within the Amended Complaint, which includes Plaintiff's claims brought under § 1983 and the wrongful death claim brought under Arizona state law. (Mot. at 6.) However, Plaintiff's Motion addresses intervention only with respect to Plaintiff's wrongful death claim. As such, the Court limits its analysis to the wrongful death claim and denies the Motion to the extent Movant seeks to intervene in the remaining claims in the action, which are all personal to Plaintiff.

making distribution of proceeds to each of the other beneficiaries at the conclusion." *Wilmot*, 58 P.3d at 512. Thus, the plaintiff may push the matter to settlement; however, the remaining beneficiaries must agree to any settlement. *Id.* "Consent from the other beneficiaries does not necessarily need to be a formal agreement . . . , [but] the consent must be expressly given or manifested." *Id.*

Thus, notwithstanding the Motion to Intervene, Movant is already a party to this action because he alleges to be one of Decedent's statutory beneficiaries. Defendants concede this point. (Resp. at 3.) Dissatisfied by the rights afforded to him under Arizona law, Movant seeks an expanded role that would allow him to "ensure . . . that all viable claims are asserted, that all responsible persons are made parties to the action, [and] that all admissible evidence is presented in the litigation." (Mot. at 5.) Additionally, Movant seeks the right "to participate in any court-ordered alternative dispute resolution proceeding" and "to obtain discovery such that he may prove his damages occasioned by Decedent's death."[2] (Mot. at 5.) Accordingly, the Court must determine whether Movant should be permitted an increased role by way of intervention.

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right and permissive intervention. Movant, however, bases his Motion solely on intervention as of right under Rule 24(a)(2). The Ninth Circuit outlines four requirements for Rule 24(a)(2) intervention:

> (1) the application for intervention must be timely; (2) the applicant must have a "significant protectable" interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit.

---

[2] Arizona law restricts damages in a wrongful death action to injuries "resulting from the death." A.R.S. § 12-613. This can "include the decedent's prospective earning capacity; the loss of companionship comfort, and guidance caused by the death; and the survivor's emotional suffering, but not the decedent's own pain and suffering." *Walsh v. Advance Cardiac Specialists Chartered*, 273 P.3d 645, 648 (Ariz. 2012). As such, the beneficiary possesses nearly all of the evidence needed to prove his own damages, which limits the value of further discovery.

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). The movant's failure to satisfy any single one of these four factors is fatal to a motion to intervene under Rule 24(a)(2). *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Because it is dispositive, the Court addresses only whether the existing parties will adequately represent Movant's interest. "Where an applicant for intervention and an existing party 'have the same ultimate objective, a presumption of adequacy of representation arises.'" *Nw. Forest Res. Council*, 82 F.3d at 838 (quoting *Ore. Envtl. Council v. Ore. Dep't of Envtl. Quality*, 775 F. Supp. 353, 359 (D. Ore. 1991)). The moving party thus bears the burden of demonstrating that the existing party does not adequately represent its interest. *Id.*

Here, Movant offers two bases to show that Plaintiff is incapable of representing his interest. First, Movant suggests that Plaintiff's age disqualifies her, going so far as to argue that "[P]laintiff's advanced age puts her at a disadvantage to the youthful Ryan." (Reply at 3.) Even ignoring the unwarranted generalizations embedded within Movant's briefs, this line of argument is utterly unpersuasive and looks past the fact that licensed counsel represents Plaintiff in the matter. As such, the Court does not find that Plaintiff's age makes her incapable of representing the interest of any statutory beneficiary.

Second, Movant argues that "Plaintiff's status as both statutory beneficiary and as plaintiff puts her in unavoidable conflicting roles." (Mot. at 5.) This argument, however, is perplexing given that almost every plaintiff in a wrongful death action is also a statutory beneficiary. *See Wilmot*, 58 P.3d at 511 ("[I]n most instances . . . the plaintiff is the surviving spouse or child and is also a beneficiary, thus conducting the action and receiving the proceeds as both litigant beneficiary and trustee."). Although it is conceivable that conflict could exist between a plaintiff and a statutory beneficiary warranting an expansion of the beneficiary's right to participate in the matter, this is not that case. *See, e.g., Rexroad v. Volvo Truck Corp.*, Nos. CV-06-1437-PHX-JAT, CV-1714-PHX-JAT, 2007 WL 2949004, at *1 (D. Ariz. Oct. 10, 2007) (finding conflict in

liability phase of wrongful death action when statutory plaintiff was also the defendant in a second wrongful death suit stemming from the same set of operative facts and brought by beneficiary). Outside of proving Movant's own damages, Plaintiff's and Movant's interests are one in the same—proving that Defendants are liable for the wrongful death of Drey Krause. *See Williams*, 820 P.2d at 335 ("[T]he party plaintiff and the petitioner share the same interest, namely to establish the defendant's liability . . . ."). As such, Movant fails to show that his interest would be inadequately represented absent intervention. The Court therefore denies the motion.

## III. CONCLUSION

As this Court has articulated, and as Defendants acknowledge, Movant is already party to this litigation with limited rights afforded to him by Arizona law. These include the right to litigate issues pertaining to Movant's own damages, as well as the right to attend and observe depositions on issues of liability. As a party, Movant is further entitled to notice of all aspects of the litigation, including this Court's orders and the pleadings of all parties. Finally, Movant is entitled to attend all hearings and participate to the extent warranted by law. As a matter of judicial economy, however, Plaintiff shall direct all issues pertaining to Defendants' liability.

**IT IS THEREFORE ORDERED** denying Movant Ryan Krause's Motion to Intervene (Doc. 12). Because Movant is already a party to the action, he is permitted to participate in this litigation to the extent articulated by the Court.

Dated this 9th day of April, 2018.

_____
Honorable John J. Tuchi
United States District Judge